Jonathan D. Miller (CA Bar No. 220848)
jonathan@nshmlaw.com
Jordan T. Porter (CA Bar No. 250112)
jordan@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345

Benjamin J. Sweet
(PA Bar No. 87338)
*(Pro Hac Vice Forthcoming)*
ben@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
1145 Bower Hill Rd, Ste 104
Pittsburgh, PA15243
Telephone: (412) 857-5350

*Additional Counsel Listed on Signature Page*

*Attorneys for Plaintiff Janne Kouri and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANNE KOURI, individually on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NATIONWIDE CLASS ACTION COMPLAINT**<br><br>1.  Violation of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*)<br><br>2.  Violation of California's Unruh Civil Rights Act (Cal. Civil Code § 51 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Janne Kouri (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, asserts the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on his personal knowledge:

## NATURE OF THE ACTION

1.     Janne Kouri, a person with a mobility disability who uses a wheelchair for mobility, brings this action individually and on behalf of all others similarly situated against Defendants, asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1  regulations, and for violation of California's Unruh Civil Rights Act, California Civil
2  Code § 51 *et seq.* ("Unruh Act"), and for statutory damages in accordance with
3  California Civil Code §§ 52(a).

4       2.     Defendants FEDEX CORPORATION and DOES 1 to 25 (collectively,
5  "Defendants") maintain a system of more than 34,000 unstaffed drop boxes to provide
6  customers the opportunity to drop off packages in office buildings, shopping centers
7  and corporate and industrial parks.

8       3.     Plaintiff's claims arise from his own experience with accessibility
9  barriers present at Defendants' drop boxes in the form of excessive reach ranges and
10 excessive maximum forces required to operate the drop box doors when attempting
11 to ship packages, and from site investigations at 102 of Defendants' drop box facilities
12 across seven states, which *all* presented accessibility barriers, including specifically
13 excessive reach ranges and excessive maximum forces required to operate the drop
14 boxes of the type encountered by Plaintiff.

15      4.     Plaintiff asserts that the excessive reach range and maximum force
16 conditions required to operate the drop box doors persist in part as a result of
17 Defendants' existing but inadequate internal maintenance and repair procedures,
18 which fail to ensure compliance with reach range and operable parts requirements of
19 the ADA's implementing regulations.  *See* 28 C.F.R. §§ 36.101 *et seq.*

20      5.     The ADA and the Unruh Act expressly authorize injunctive relief aimed
21 at modification of existing policies, practices, or procedures that Plaintiff seeks in this
22 action. In relevant part, the ADA states:

23          Where appropriate, injunctive relief shall also include requiring the
24          provision of an auxiliary aid or service, modification of a policy, or
            provision of alternative methods…

25      42 U.S.C. § 12188(a)(2); Cal. Civ. Code, § 52(c)(1).

26      6.     Consistent with 42 U.S.C. § 12188(a)(2) and the Unruh Act, Plaintiff
27 seeks a permanent injunction requiring that:

28          a.     Defendants take all steps necessary to bring their drop boxes into full

1    compliance with the requirements set forth in the ADA, and its

2    implementing regulations, so that the drop boxes are fully accessible to

3    and independently usable by individuals with mobility disabilities;

4    b.    Defendants modify their existing repair and maintenance policies and

5    practices so that the accessibility barriers to their drop boxes do not

6    reoccur; and

7    c.    Plaintiff's representatives monitor Defendants' facilities to ensure the

8    injunctive relief ordered pursuant to Paragraph 6.a. and 6.b. has been

9    implemented and will remain in place.

10    7.    Plaintiff's claim for permanent injunctive relief is asserted as a

11    nationwide class claim pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was

12    specifically intended to be utilized in civil rights cases where the plaintiffs seek

13    injunctive relief for their own benefit and the benefit of a class of similarly situated

14    individuals. To that end, the note to the 1996 amendment to Rule 23 states:

15    Subdivision(b)(2). This subdivision is intended to reach situations where
      a party has taken action or refused to take action with respect to a class,
16    and final relief of an injunctive nature or a corresponding declaratory
      nature, settling the legality of the behavior with respect to the class as a
17    whole, is appropriate . . .. Illustrative are various actions in the civil
      rights field where a party is charged with discriminating unlawfully
18    against a class, usually one whose members are incapable of specific
      enumeration.
19

20    8.    In addition, Plaintiff's claim for minimum statutory damages pursuant to

21    California Civil Code §§ 52(a) is asserted as a California statewide class claim

22    pursuant to Fed. R. Civ. P. 23(b)(3).

23    **PARTIES**

24    9.    Plaintiff Janne Kouri is, and at all times relevant hereto was, a resident

25    of Los Angeles County in the State of California. As a result of his disability, Plaintiff

26    uses a wheelchair for mobility. Plaintiff was a competitive athlete, playing football at

27    Georgetown University. Plaintiff suffered a spinal cord injury in 2006 and is now

28    paralyzed. Following his injury, Plaintiff founded a nonprofit rehabilitation center,

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

aimed at helping others with paralysis, called NextStep Fitness. Plaintiff is the President and Founder of NextStep. Plaintiff has a FedEx account. Plaintiff is a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

10.    Defendant FEDEX CORPORATION ("FedEx") is Delaware Corporation and has been doing business in California since 1973. Its principal executive offices are located in Memphis, Tennessee.

11.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 25 (together with FedEx, "Defendants"), are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to assert their true names and capacities when known. Plaintiff is informed and believes and thereon asserts that each of the fictitiously-named Defendants is responsible in some manner for the occurrences asserted in this Complaint.

12.    Plaintiff asserts that Defendants, including Doe Defendants, and each of them at all times mentioned in this Complaint, were the alter egos, agents and/or subsidiaries of their Co-Defendants and in doing the things asserted in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

13.    Defendants' drop box facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G) and Defendants are subject to the requirements of the ADA and the Unruh Act.

## FACTUAL BACKGROUND

### Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities

14.    Plaintiff is a FedEx business account holder and utilizes the FedEx drop box service as a regular part of his business. Plaintiff visited Defendants' drop box located at 505 North Sepulveda Boulevard, Manhattan Beach, California, on August 20, 2021, August 27, 2021, and September 9, 2021. Plaintiff visited Defendants' facilities in California, and was denied the opportunity to participate in the full and

4

equal enjoyment of Defendants' services, facilities, privileges, advantages and accommodations, as a result of Defendants' inaccessible drop box network, when he encountered drop box door heights in excess of the ADA Accessibility Guidelines' ("ADAAG") reach range standards, and the force required to operate the drop box doors in excess of the ADAAG's operable parts standards. 36 CFR Appendix D to Part 1191, §§§ 308.2, 308.3, and 309.4.

15.    Despite this difficulty, frustration, and unequal treatment, Plaintiff will use Defendants' drop box services in the future due to the proximity of Defendants' facilities, its reliability, timeliness, and overnight delivery services, and plans to return to Defendants drop boxes, but is deterred from doing so due to the discrimination he has faced and expects to face in the future. Furthermore, Plaintiff intends to return to Defendants' drop boxes to ascertain whether those facilities remain in violation of accessibility standards.

## Defendants Repeatedly Deny Individuals With Disabilities Full and Equal Access to Defendants' Facilities

16.    Defendants own and maintain a network of more than 34,000 unstaffed drop boxes throughout the United States.[1] Defendants' drop boxes are uniform in size and design throughout their network.

17.    The drop boxes feature a drop-down door operated by grasping the door's handle and pulling the door in an outward and downward motion. Once open, a FedEx package is placed in the drawer, and deposited in the drop box when the door is shut.

18.    Each drop box also features a lift door above the drop door. The lift door is operated by reaching for the lip of the door (there is no handle), and pushing the door in an upwards motion. Once open, the lift door reveals an area containing

---

[1] FedEx's principal owned properties includes its 34,000 FedEx Drop Boxes. – FedEx 2021 Form 10-k, p. 34 and 37.

NATIONWIDE CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

complimentary FedEx Express airbills and FedEx envelopes, among other things.

19.    Defendants install their drop boxes adjacent to public sidewalks on concrete bases, on the street side of curbs, also on concrete bases, and at shopping centers, grocery stores, and similar areas. FedEx drop boxes are maintained and stocked by Defendants' drivers several times per week. Broken drop boxes are also repaired by Defendants. FedEx drop boxes offer convenient 24 hour a day, 7 day a week drop-off service for shipments, allow for shipping without any person-to-person contact.

20.    The ADA Accessibility Guidelines ("ADAAG") promulgated by the Department of Justice pursuant to 42 U.S.C. § 12186(b), include both the 1991 ADAAG Standards (28 C.F.R. § pt. 36, App. D) and the 2010 Standards (36 C.F.R. § pt. 1191, App. D) set forth the minimum accessibility standards for reach ranges and the maximum allowable forces required to operate drop boxes such as those owned, operated, and maintained by Defendants.

21.    Where the "forward reach is unobstructed, the high forward reach shall be 48 inches *1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground." 36 CFR Appendix D to Part 1191, § 308.2.1. Figure 308.2.1 of the ADAAG depicts unobstructed forward reach thresholds as follows:



///

///

NATIONWIDE CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

22.    "Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) and the low side reach shall be 15 inches (380 mm) above the finish floor or ground."    36 CFR Appendix D to Part 1191, § 308.3.1.  Figure 308.3.1 of the ADAAG depicts unobstructed side reach thresholds as follows:



23.    Plaintiff's claims concerning Defendants' drop boxes do not raise issues with either low forward or low side reaches.

24.    The ADAG requires that operable parts, such as the drop down door and lift door on Defendants' drop boxes, are placed within one or more reach ranges specified by the ADAAG. 36 CFR Appendix D to Part 1191, § 309.3.  Section 309.4 requires that "[o]perable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum." 36 CFR Appendix D to Part 1191, § 309.4.

25.    The drop doors of Defendants' drop boxes regularly exceed the ADAAG's high and side reach maximums when located on poured concrete pads adjacent to sidewalks, and where placed on the street side of curbs. The lift doors of Defendants' drop boxes exceed the ADAAG's high and side reach maximums regardless of where the drop box is situated, and mobility-impaired wheelchair users

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

7

1    are completely barred from accessing complimentary FedEx Express airbills, FedEx

2    envelopes, and similar items available at each drop box. The pressure required by a

3    wheelchair user to operate either the drop door or lift door at Defendants' drop boxes

4    greatly exceeds the ADAAG's maximum threshold of 5 pounds of force.

5        26.    When Plaintiff used Defendants' drop box at 505 North Sepulveda

6    Boulevard, Manhattan Beach, California, he experienced great difficulty using the

7    drop box drop door because its height was 45.5 inches above the adjacent ground

8    space, the pressure required to operate the drop door required 19 pounds of force, the

9    lift door height while open was 58 inches above the adjacent ground space, the lift

10   door height while closed was 47.5 inches, and the pressure to operate the lift door

11   required 6 pounds of force. Because of the height of the compartment behind the lift

12   door, Plaintiff could not see or access the FedEx envelopes and other similar items.

13       27.    By failing to make their drop boxes accessible to wheelchair users,

14   Defendants' facilities, public accommodations subject to Title III of the ADA and the

15   Unruh Act, deprive mobility-impaired individuals of the full benefits of Defendants'

16   services—all benefits they afford nondisabled individuals—thereby increasing the

17   sense of isolation and stigma among these Americans that Title III of the ADA and

18   the Unruh Act were meant to redress.

19       28.    Defendants' existing centralized maintenance and operational policies,

20   practices, or procedures have systematically and routinely resulted in excessive

21   maximum height and maximum force conditions at Defendants' drop boxes,

22   in violation of the ADA and the Unruh Act and their implementing regulations.

23       29.     On Plaintiff's behalf, investigators examined multiple FedEx drop box

24   locations, and found the following violations which are illustrative of the fact that

25   Defendants' existing policies, practices, or procedures are discriminatory,

26   unreasonable, inadequate, and routinely result in excessive maximum height and

27   maximum force conditions:

28       a.    102 drop boxes were inspected in seven states, and all had some issue

NATIONWIDE CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

with accessibility for a mobility-impaired wheelchair user, in violation of the ADAAG;

b.      57 drop boxes required greater than 5 pounds of force to operate (pull down) the drop door;

c.      101 of the 102 drop boxes required greater than 5 pounds of force to operate (lift) the access door and hold it while reaching with a second hand for the shipping materials;

d.      All 102 drop boxes failed to comply with the ADAAG's maximum reach to operate the lift door, and 21 of the 102 drop boxes failed to comply with the ADAAG's 48" height for maximum reach;

e.      A firm, stable accessible route to the drop boxes was not present at 36 of the 102 locations, or the drop boxes were located on a curb or landing with no accessible route; and,

f.      44 of the 102 locations were not installed adjacent to a level landing in front of the drop box.

30.    As evidenced by the widespread excessive reach ranges and excessive maximum forces required to operate the doors present in Defendants' drop boxes, absent a change in Defendants' existing practices or procedures, these excessive conditions and the accessibility barriers they present will continue to reoccur in Defendants' drop boxes even after they have been remediated.

## JURISDICTION AND VENUE

31.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

32.    Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district and have otherwise purposely availed themselves of the markets in California through the placement of thousands of drop boxes in California to render the exercise of jurisdiction by this

9

1    Court permissible under traditional notions of fair play and substantial justice.

2        33.    Venue in this judicial district is proper under 28 U.S.C. § 1391(a) (b)(2)

3    in that this is the judicial district in which a substantial part of the events and/or

4    omissions at issue occurred.

5                              **CLASS ASSERTIONS**

6        34.    Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and

7    23(b)(2) and with respect to the Unruh Act minimum statutory damages sub-class,

8    Fed. R. Civ. P. 23(b) on behalf of himself and those similarly situated.

9        35.    Plaintiff seeks certification of the following Nationwide Class:

10        All wheelchair users with qualified mobility disabilities who were
11        denied the full and equal enjoyment of the services, facilities,
          privileges, advantages, or accommodations of any FEDEX
12        CORPORATION drop box in the United States on the basis of
13        disability because such persons encountered accessibility barriers due
          to Defendants' failure to comply with the ADA's reach range and
14        operable parts regulations in their purportedly accessible, unstaffed
15        FedEx Express drop boxes (the "Nationwide Injunctive Class").

16    Plaintiff reserves the right to amend or modify the Class definition in connection with

17    a motion for class certification and/or the result of discovery.

18        36.    Plaintiff also seeks certification of the following California minimum

19    statutory damages class:

20        All wheelchair users with qualified mobility disabilities who were
21        denied the full and equal enjoyment of the goods, services, facilities,
          privileges, advantages, or accommodations of any FEDEX
22        CORPORATION drop box in California on the basis of disability
23        because such persons encountered accessibility barriers due to
          Defendants' failure to comply with the ADA's reach range and
24        operable parts regulations in their purportedly accessible, unstaffed
25        FedEx Express drop boxes (the "California Class")

26    Plaintiff reserves the right to amend or modify the minimum statutory damages Class

27    definition in connection with a motion for class certification and/or the result of

28    discovery.

NATIONWIDE CLASS ACTION COMPLAINT

37.    The California minimum statutory damages class seeks classwide damages pursuant to California Civil Code § 52(a) in the amount of $4,000 per violation based on Defendants' wrongful policy and practice of failing to provide full and equal access to mobility-impaired Californians as asserted herein. This action does not seek class recovery for actual damages, personal injuries, or emotional distress that may have been caused by Defendants' conduct asserted herein.

38.    This action should be certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) for the Nationwide Injunctive Class. It satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

a.    <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff anticipates there are tens of thousands of mobility-impaired, wheelchair using individuals who are Class Members who have been harmed and suffered discrimination due to Defendants' failure to comply with the ADA's reach range and operable parts regulations.

b.    <u>Commonality</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are denied their civil rights to full and equal access to and use and enjoyment of Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as described above.

c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the proposed Nationwide Injunctive Class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

d.    <u>Adequacy</u>: Plaintiff is an adequate Class representative. None of his interests conflict with the interests of the Class Members he seeks to

11

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

represent; Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the Class, all of whom are similarly situated individuals with mobility impairments, and he has a strong interest in vindicating his own and others' civil rights; and, he has retained counsel competent and experienced in complex class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA and Unruh Act.

39.    Class certification of the Nationwide Injunctive Class is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on or refused to act on grounds generally applicable to the Class, making appropriate declaratory, injunctive, and equitable relief with respect to Plaintiff and the Class as a whole.

40.    This action should be further certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) for the California Unruh Damages Sub-Class. Plaintiff asserts the subclass, limited to class members who are, or during the relevant time were, residents of California, satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy for the same reasons set forth in the preceding paragraph. In addition:

a.    <u>Predominance</u>: Pursuant to Rule 23(b)(3), the common issues of law and fact identified above predominate over any other questions affecting only individual members of the California Unruh Damages Sub-Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' encounters with mobility-impaired California residents through its drop box facilities.

b.    <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

i.    The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of

Nye, Stirling, Hale & Miller
33 West Mission Street, Suite 201
Santa Barbara, California 93101

judicial and/or litigation resources;

ii.   The individual claims of the Class Members are relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

iii.  When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

iv.   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

v.    Plaintiff knows of no difficulties to be encountered in the management of this action that would preclude its maintenance as a class action;

vi.   A class action will assure uniformity of decisions among Class Members;

vii.  Prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and,

viii. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action.

41.   Accordingly, this case should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

NATIONWIDE CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

# FIRST CAUSE OF ACTION

## VIOLATION OF THE ADA, TITLE III

### [42 U.S.C. §§ 12101 *et seq.*]

### (Against all Defendants)

42.    Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

43.    At all times relevant to this action, Plaintiff has been substantially limited in the major life activity of mobility. Accordingly, he is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

44.    Defendants own and operate drop box facilities that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

45.    The ADA requires the accessible features of Defendants' drop box facilities to be designed and maintained so that they are readily accessible to and usable by individuals with mobility disabilities.

46.    The barriers described above demonstrate that Defendants' facilities were not constructed, repaired, or maintained in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

47.    It is unlawful discrimination under the ADA for Defendants to offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

48.    Defendants discriminated against Plaintiff on the basis of his disability by denying access to the full and equal enjoyment of their services, facilities, privileges, advantages, and/or accommodations in violation of the ADA.

49.    Defendants further discriminated against Plaintiff by denying him the equal opportunity to participate in and benefit from Defendants' services, in violation of the ADA.

NATIONWIDE CLASS ACTION COMPLAINT

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

50.    Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

51.    Defendants' repeated and systemic failures to remove architectural barriers, to maintain the accessible features of their facilities, and/or modify their existing procedures to ensure compliance with the reach range and operable parts requirements of the ADA's implementing regulations once constructed, constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

52.    Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

53.    Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, they will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the Class.

54.    Given that Defendants have not complied with the ADA's requirements to make their facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code § 51, *et seq.*]

### (Against all Defendants)

55.    Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

56.    Defendants violated the Unruh Act by their acts and omissions, as set forth herein.

15

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

57.    Defendants discriminate against Plaintiff and denied him full and equal access to Defendants' facilities and services on the basis of his disability.

58.    Pursuant to subdivision (f) of section 51 of the California Civil Code, Defendants' conduct in violation of the ADA, as set forth above, also constitutes a violation of the Unruh Civil Rights Act.

59.    Plaintiff was harmed and Defendants' discriminatory conduct was a substantial factor in causing Plaintiff's harm.

60.    The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq*., and therefore Plaintiff is entitled to injunctive relief remedying the discrimination.

61.    Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

62.    Plaintiff further seeks statutory minimum damages pursuant to California Civil Code § 52 for every individual violation; *i.e.,* each time a mobility-impaired, wheelchair using individual attempted to independently use one of Defendants' unstaffed drop boxes in California. This action does not seek class recovery for actual damages, personal injuries, or emotional distress that may have been caused by Defendants' conduct asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

a.    A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' drop box facilities, as described above, are not fully accessible to and independently usable by individuals who use wheelchairs;

///

NATIONWIDE CLASS ACTION COMPLAINT

b.    A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2), 28 CFR § 36.501(b) , and California Civil Code, § 51 *et seq.,* that (i) to remove the architectural barriers described above and to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to and independently usable by individuals who use wheelchairs; (ii)  directs Defendants to modify their existing policies, practices, and procedures to prevent the reoccurrence of excessive reach range and operable parts conditions at their drop box facilities post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c.    An Order certifying the Classes proposed by Plaintiff, naming Plaintiff as Class representative, and appointing his counsel as Class counsel;

d.    Payment of minimum statutory damages, in accordance with California Civil Code §§ 52(a) to the California sub-class;

e.    Payment of costs of suit;

f.    Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505, Cal. Civil Code §52, and Civ. Proc. Code § 1021.5;

g.    Award of prejudgment interest pursuant to California Civil Code § 3291;

h    An Order retaining jurisdiction over this case until Defendants have complied with the Court's Orders; and,

i.    The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: October 9, 2021                    Respectfully Submitted,

                                          */s/ Jonathan D. Miller*

                                          *Signatures continued below*

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

17

1    Jonathan D. Miller (CA Bar No. 220848)
     jonathan@nshmlaw.com
2    Jordan T. Porter (CA Bar No. 250112)
     jordan@nshmlaw.com
3    **NYE, STIRLING, HALE**
     **& MILLER, LLP**
4    33 West Mission Street, Suite 201
     Santa Barbara, CA 93101
5    Telephone: (805) 963-2345

6    Benjamin J. Sweet (PA Bar No. 87338)
     *(Pro Hac Vice Forthcoming)*
7    ben@nshmlaw.com
     **NYE, STIRLING, HALE**
8    **& MILLER, LLP**
     1145 Bower Hill Road, Suite 104
9    Pittsburgh, PA 15243
     Telephone: (412) 857-5350
10
     J. Luke Sanderson (TN Bar No. 23712)
11   *(Pro Hac Vice Forthcoming)*
     luke@wcwslaw.com
12   **WAMPLER, CARROLL, WILSON**
     **& SANDERSON, P.C.**
13   208 Adams Avenue
     Memphis, TN 38103
14   Telephone: (901) 523-1844

15   *Attorneys for Plaintiff Janne Kouri, and the*
     *Proposed Class*
16

17

18

19

20

21

22

23

24

25

26

27

28

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA  93101

NATIONWIDE CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Janne Kouri hereby demands a trial by jury of all claims so triable in

3  the above-referenced matter.

4

5  Dated: October 9, 2021                    Respectfully Submitted,

6
                                            */s/ Jonathan D. Miller*
7                                           Jonathan D. Miller (CA Bar No. 220848)
                                            jonathan@nshmlaw.com
8                                           Jordan T. Porter (CA Bar No. 250112)
                                            jordan@nshmlaw.com
9                                           **NYE, STIRLING, HALE
                                            & MILLER, LLP**
10                                          33 West Mission Street, Suite 201
                                            Santa Barbara, CA 93101
11                                          Telephone: (805) 963-2345

12                                          Benjamin J. Sweet (PA Bar No. 87338)
                                            *(Pro Hac Vice Forthcoming)*
13                                          ben@nshmlaw.com
                                            **NYE, STIRLING, HALE
14                                          & MILLER, LLP**
                                            1145 Bower Hill Road, Suite 104
15                                          Pittsburgh, PA 15243
                                            Telephone: (412) 857-5350
16
                                            J. Luke Sanderson (TN Bar No. 23712)
17                                          *(Pro Hac Vice Forthcoming)*
                                            luke@wcwslaw.com
18                                          **WAMPLER, CARROLL, WILSON
                                            & SANDERSON, P.C.**
19                                          208 Adams Avenue
                                            Memphis, TN 38103
20                                          Telephone: (901) 523-1844

21                                          *Attorneys for Plaintiff Janne Kouri, and the
                                            Proposed Class*
22

23

24

25

26

27

28

NYE, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

NATIONWIDE CLASS ACTION COMPLAINT